UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVONTE GOENS,

           Plaintiff,                                  Case No. 17-cv-11286

vs.                                          HON. MARK A. GOLDSMITH

JOHN HOLCOMB,

           Defendant.

_____/

**OPINION & ORDER**
**(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 13), (2) ACCEPTING THE**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 12), AND (3)**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 10)**

Plaintiff Devonte Goens, an inmate at the Lakeland Correctional Facility, proceeding pro se, filed this civil rights case against Defendant Captain John Holcomb pursuant to 42 U.S.C. § 1983. See Compl. (Dkt. 1). The matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings. See Order of Referral (Dkt. 7). On February 2, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") (Dkt. 12), recommending that Holcomb's motion for summary judgment (Dkt. 10) be granted. Goens filed objections to the R&R (Dkt. 13); Holcomb subsequently filed a response (Dkt. 14). The Court reviews de novo any portion of the R&R to which specific objections are timely filed. Fed. R. Civ. P. 72(b)(3). For the reasons discussed below, the Court overrules Goens's objections, accepts the recommendation contained in the R&R and grants Holcomb's motion for summary judgment.[1]

**I. ANALYSIS**

**A. Goens's Objections**

---

[1] The factual background of this case is sufficiently explained in the magistrate judge's R&R and need not be repeated here.

Goens first objects to the Magistrate Judge's findings regarding his First Amendment retaliation claim. Specifically, Goens objects to the conclusion that Holcomb met his burden of production to show that he would have filed a misconduct report against Goens regardless of his protected First Amendment activity. Goens argues that, even if Holcomb heard him discussing point spreads for professional sports games on the phone, he never heard a discussion of betting or any other communication that violates prison guidelines. Goens also argues that the transfer of money into his prison account did not violate any policy, and that Holcomb incorrectly concluded that he used another prisoner's prisoner identification number ("PIN") to make phone calls. See Obj. at 1-5.

Goens also objects to the Magistrate Judge's findings regarding his Fourteenth Amendment due process claim. He argues that he was denied due process when Holcomb filed falsified misconduct reports against him. He contends that the notice and hearing afforded to him by prison officials was insufficient to satisfy his due process rights. See id. at 6.

**B. Discussion**

**1. First Amendment Retaliation**

A First Amendment retaliation claim consists of three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two — that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). "Once the plaintiff has met his burden of establishing that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. If the defendant can show that he would have taken the same

action in the absence of the protected activity, he is entitled to prevail on summary judgment." Id. at 399.

Goens objects to the Magistrate Judge's finding that Holcomb established that he would have filed the December 2016 misconduct report against Goens in the absence of the protected activity. The Magistrate Judge noted Holcomb's affidavit, which states that he filed the misconduct report after learning that Goens had placed multiple phone calls to a phone number, during which he discussed point spreads for professional basketball and football games. R&R at 11-12 (citing Holcomb Aff., Ex. 1 to Def. Mot., ¶ 7 (Dkt. 10-2). He also noted that a total of $1,600 was deposited into Goens's prison account from April 2016 through November 2016; according to Holcomb, several of these transactions were made by unapproved individuals. See Holcomb Aff. ¶ 7. Holcomb also stated that Goens made a phone call using the prisoner identification number ("PIN") of another prisoner; Holcomb stated he was able to determine that it was actually Goens who made the call because the caller identified himself as Goens. Id. ¶ 8.

Goens now argues that these reasons for the misconduct report are a pretext. He argues that merely discussing point spreads is not a violation of prison policy, money transferred into his prison account was transferred permissibly, and that Holcomb incorrectly accused him of using another prisoner's PIN to make phone calls. This argument is not persuasive. It is not clear what exactly Holcomb would have been retaliating against when he filed his misconduct report. Goens alleges that the report was filed because Goens had previously reported Holcomb to his superiors for misconduct. Goens alleges that this retaliation began on November 29, 2016, and continued through the December 2016 misconduct report. However, as noted by the Magistrate Judge, Holcomb produced unrebutted evidence that he was on leave from September 16, 2016, through December 12, 2016. Id. ¶ 4. From December 12, 2016, through January 27, 2017, Holcomb was

placed on "light duty," meaning he was not permitted inside the prison gates.  Id. ¶ 5.  This means that from at least September 16, 2016, through January 27, 2017, Goens and Holcomb had no contact whatsoever.  Goens has not identified in his complaint, before the Magistrate Judge, or before the undersigned, any grievance he filed against Holcomb prior to September 16, 2016, that would have led Holcomb to retaliate by filing a misconduct report in December 2016.  As a result, a reasonable jury could not conclude that the report was an act of retaliation.

### 2. Fourteenth Amendment Due Process

Goens next argues that the Magistrate Judge erred in concluding that he did suffer a violation of his right to due process under the Fourteenth Amendment.  The Fourteenth Amendment states, in part, that no state "shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. IV, § 1.  "[A] procedural due process analysis addresses two questions. [T]he first asks whether there exists a liberty or property interest which has been interfered with by the State, the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient."  Bazzetta v. McGinnis, 430 F.3d 795, 801 (6th Cir. 2005) (internal quotations and citation omitted).  "In evaluating a claimed liberty interest by prison inmates, courts are mindful that imprisonment necessarily carries with it the circumscription or loss of many significant rights."  Id. (internal quotations and citation omitted).  This is necessary to accommodate the needs of prison facilities, primarily internal security.  Id.  The Supreme Court has recognized that, in the absence of a state regulation, an inmate is only deprived of a liberty interest where the deprivation "exceed[s] the sentence in . . . an unexpected manner" or "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484 (1995).

Goens has not alleged the deprivation of a recognized liberty interest. Even assuming Holcomb falsified the misconduct report, his conditions of imprisonment did not change as a result of the report. After the report was filed, Goens was afforded notice of the charge and a hearing, after which the charge was dismissed. There is no allegation that he was deprived of liberty, or that the process afforded to him was deficient. As a result, Goens fails to state a due process claim.

## II. CONCLUSION

For the foregoing reasons, the Court the Court overrules Goens's objections (Dkt. 13), accepts the recommendation contained in the R&R (Dkt. 12), and grants Holcomb's motion for summary judgment (Dkt. 10).

SO ORDERED.

Dated: March 13, 2018                                   s/Mark A. Goldsmith
    Detroit, Michigan                          MARK A. GOLDSMITH
                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2018.

                                       s/Karri Sandusky
                                       Case Manager